In THE MATTER OF WILLIAM H. SILVERNAIL AN
ATTORNEY.

*Failure of an attorney to pay over surplus moneys, arising on a mortgage foreclosure,
received by him — an attachment may be issued for his failure to do so — the burden
of proving that he has paid them to the county treasurer rests upon him — a referee
appointed to take testimony and report it, is not bound to take irrelevant testimony.*

Upon an appeal from an order compelling one Silvernail to pay to the county
treasurer the surplus moneys which came to his hands, as an attorney upon a
foreclosure sale, it appeared that Silvernail, acted as the attorney for the
plaintiff in an action brought by one Case for the foreclosure of a mortgage
against the petitioners in this proceeding, the owners of the equity of redemp-
tion, and that the premises were sold pursuant to the judgment by one Gar-.
denier, as referee, to one Nixdorf for $1,425. The referee, who occupied an
office in the same building with Silvernail, after executing the deed delivered
it to Silvernail, who delivered it to the purchaser, who paid to him the full
amount of the purchase-price.

The Special Term found that Silvernail did not pay any of the surplus money
either to the referee or to the county treasurer, and directed him to pay the
amount thereof ($809.77), with interest from October 1, 1875, the date when
he should have paid it, together with $195.26 of costs, and directed that,
in default of payment after ten days from the service upon him of a copy
of the order, an attachment issue for his imprisonment in the county jail.

*Held,* that the facts found justified it in making the order appealed from.

That while it was true that the purchase-money ought to have been paid to the
referee and not to the attorney, that Silvernail, who procured it to be paid to
himself, could not be permitted to raise that objection.

Silvernail offered in evidence certain checks showing payments of money by
him to the referee, which were objected to as having no connection with the
transaction in question.

*Held,* that, as on the face of them they had not any connection with it, and as
Silvernail did not, when his attention was called to the matter, offer to show
that they had, they were properly excluded by the court.

The Special Term permitted proof of the non-payment of the money to the
county treasurer, who was dead, to be given by the production of his books
and by showing the entries therein to be in his handwriting.

*Held,* that, as it was his duty to enter the receipts of surplus moneys therein, the
court did not err in admitting the evidence.

That the burden of proving the payment to the county treasurer rested on
Silvernail, and that a failure by the petitioners in this proceeding to prove
non-payment was not equivalent to proof of payment by him

The order directed the referee to take the testimony and report it to the court
with his opinion.

*Held,* that he was not bound to take irrelevant testimony.

APPEAL from an order made at Special Term and entered in Columbia county compelling the defendant to pay to the county treasurer of Columbia county the surplus moneys received by him on the foreclosure of a mortgage in an action in which he acted as the plaintiff's attorney.

*Wm. H. Silvernail,* for the appellant.

*Gardenier & Harder,* for the respondent.

LANDON, J.:

This is a proceeding to compel the defendant to pay to the county treasurer the surplus moneys which came to his hands as an attorney of this court upon a foreclosure sale. The defendant, as the attorney for William A. Case, foreclosed a mortgage by action in the Supreme Court, in which Case was plaintiff, and the petitioners in this proceeding, as owners of the equity of redemption, were defendants. The mortgaged premises were sold pursuant to the judgment by one Gardenier, the referee to make the sale, to one Nixdorf for $1,425. The referee and the defendant occupied offices in the same building, and the referee executed the usual referee's deed, delivered it to the defendant, and he delivered it to Nixdorf, the purchaser, who paid the defendant the full amount of the purchase-money. The Special Term, upon the testimony taken before the referee and upon his report thereon, finds that the defendant did not pay any of the surplus money either to the referee or to the county treasurer. The amount of such surplus money is found to be $809.77, and the Special Term directed the defendant to pay the same, with interest from October 1, 1875, the date when he ought to have paid it, together with $195.26, costs of this proceeding, making a total of $1,573.33; and in default of payment after ten days from the service upon him of a copy of this order, directed that an attachment issue and the defendant be thereupon imprisoned in the county jail until such payment be made or he be discharged by law.

A perusal of the evidence satisfies us that the findings of the Special Term state the truth of the case. The defendant retained this surplus money without right and without excuse. The order of the Special Term directing him to pay it, and directing his

imprisonment if he made default in payment, was a proper exercise of the authority which the court must sometimes exercise over its delinquent officers. On the merits the order should be affirmed.

The defendant, however, interposes numerous objections to the proceeding and to the rulings of the referee. We have examined them all and are satisfied that no substantial right of the defendant has been denied him. It is true that the purchase-money ought to have been paid to the referee, and not to the attorney, but that is an objection of which the attorney who procured it to be paid to himself cannot be permitted to take advantage.

The defendant offered in evidence sundry checks showing payment of money by the defendant to the referee. It was objected that these checks had no connection with this transaction. On the face of them they had not, and as the defendant did not, when his attention was called to the matter by the objection, offer to show that they had, the checks were properly excluded. If the checks had been received they could not have aided the defendant, unless he could connect them with the case, and hence, the exclusion did not prejudice him. The defendant claims that presumptively these checks were on account of this surplus money. The testimony given showed that there were numerous transactions between the referee and the defendant, and there could be no presumption that these checks applied to this transaction, to the exclusion of every other. What was needed was some affirmative evidence that they applied to this transaction; and the fact that the defendant simply suggested a presumption, instead of offering evidence, compels the conviction that he offered none, because he had none to offer. The money having been paid to the defendant by the purchaser, it was defendant's duty to pay it to the referee. It was affirmatively shown that he did not do this, and evidence was given tending to show that he had not paid it to the county treasurer. The burden however, rested upon the defendant to show that he had paid it to the treasurer if such was his defense. The petitioners were not bound to assail a defense which was not made by the defendant; and if it should be held that the treasurer's books offered for that purpose were inadmissible, it would not, in any way, weaken the petitioners' case. Failure by the petitioners to prove non-payment to the treasurer is not the equivalent of proof of payment by the defendant.

But the treasurer's books were competent evidence. The treasurer is dead. The entries were in his handwriting. It was his duty to enter the receipt of surplus moneys therein. The fact that there was no entry of this money therein was some slight evidence that it had not been paid to him. It was not necessary to return these books as a part of the case. The proper method of proof was resorted to, namely, the testimony of a witness that he had examined the books and searched for such an entry and found none. The order directed the referee to take the testimony and report it with his opinion thereon to the court. The referee was not bound to take irrelevant testimony. We do not perceive that he rejected any that did touch the issues.

The objection that the referee did not file his report and testimony taken with the clerk seems to be answered by the clerk's certificate to the appeal book. If the defendant is the owner of any judgment which is a lien upon the surplus moneys he should file his claim, and proceed under the rule to establish it. Costs were properly allowed. This is a special proceeding to compel an attorney to do his duty, not simply a motion in the foreclosure case. Substantial justice has been done, and the defendant urges no objection which can avail to defeat it.

The order is affirmed, with costs.

LEARNED, P. J., and WILLIAMS, J., concurred.

Order affirmed, with costs.